**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Raul Aguirre**,

            Plaintiff,

vs.

**Custom Image Pros LLC**, an Arizona limited liability company; **Timothy Simpson and Jane Doe Simpson**, a married couple,

            Defendants.

No.

**VERIFIED COMPLAINT**

Plaintiff, Raul Aguirre ("Plaintiff"), sues the Defendants, Custom Image Pros LLC and Timothy Simpson and Jane Doe Simpson ("Defendants" or "Custom Image Pros") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.     Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.     Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

6.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

7.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

10.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11.     At all material times, Defendant Custom Image Pros LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Custom Image Pros LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.     At all relevant times, Defendant Custom Image Pros LLC owned and operated as "Custom Image Pros," which, according to its website, is an "all inclusive

image marketing, design & production company located in Phoenix, AZ."

https://customimagepros.com/about/ (last visited February 23, 2023).

13.   Under the FLSA, Defendant Custom Image Pros LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Custom Image Pros LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Custom Image Pros' employees, Defendant Custom Image Pros LLC is subject to liability under the FLSA.

14.   Defendants Timothy Simpson and Jane Doe Simpson are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Timothy Simpson and Jane Doe Simpson are owners or managers of Custom Image Pros and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.   Under the FLSA, Defendants Timothy Simpson and Jane Doe Simpson are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Timothy Simpson and Jane Doe Simpson had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in

connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Custom Image Pros' employees, Defendants Timothy Simpson and Jane Doe Simpson are subject to individual liability under the FLSA.

16.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17.     Defendants, and each of them, are sued in both their individual and corporate capacities.

18.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30.     Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

31.     Defendants own and/or operate as Custom Image Pros, an enterprise doing business in Maricopa County, Arizona.

32.     Custom Image Pros is an enterprise that is an image marketing, design & production company located in Phoenix, AZ.

33.     In or around late-January 2023, Plaintiff began working for Defendants as a manual laborer.

34.     At all relevant times, Plaintiff's primary duties included making luminous letters for signs, putting lights on letters, and assembling letters for signs.

35.     Plaintiff was supposed to be compensated at an hourly rate of $25 throughout his employment with Defendants.

36.     Plaintiff, in his work for Defendants, was assigned the same hourly rate of pay, regardless of the number of hours he worked in a given workweek.

37.     Plaintiff, in his work for Defendants, was assigned the same hourly rate of pay, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

38.     Rather than classify Plaintiff as an employee, Defendants classified him as an independent contractor.

39.     Despite Defendants having misclassified Plaintiff as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

40.     Defendants controlled Plaintiff's schedules.

41.     At all relevant times, Plaintiff was economically dependent on Defendants.

42.     The following further demonstrate that Plaintiff was an employee:

    a.     Defendants had the exclusive right to hire and fire Plaintiff;

    b.     Defendants made the decision not to pay overtime to Plaintiff;

    c.     Defendants supervised Plaintiff and subjected him to Defendants' rules;

    d.     Plaintiff had no opportunity for profit or loss in the business;

    e.     The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

f. Plaintiff was hired as a permanent employee, generally working in excess of 40 hours per week for approximately three workweeks;

g. Plaintiff had no right to refuse work assigned to him by Defendants;

h. On information and belief, Defendants did not allow Plaintiff to work for other companies.

43. Plaintiff worked for Defendants until approximately February 17, 2023.

44. On or about February 17, 2023, Defendant Timothy Simpson terminated Plaintiff's employment when Plaintiff continued to inquire with him regarding nonpayment of wages due and owing.

45. In his three workweeks working for Defendants, Plaintiff worked approximately 50 hours per week.

46. In his three workweeks working for Defendants, Defendants paid Plaintiff three times, each via Zelle.

47. On or about January 27, 2023, Defendants paid Plaintiff $100 via Zelle.

48. On or about February 4, 2023, Defendants paid Plaintiff $250 via Zelle.

49. On or about February 11, 2023, Defendants paid Plaintiff $600 via Zelle.

50. Beyond that $950, Defendants paid Plaintiff no wages whatsoever for the entire duration of his employment.

51. Throughout his employment with Defendants, Plaintiff continually reached out to Defendant Timothy Simpson asking when he would be paid in full for the work he performed.

52.     In response, Defendant Timothy Simpson continually acknowledged that he owed Plaintiff the money he sought and stated that he would pay Plaintiff upon receipt of additional funds from various projects.

53.     For example, on or about February 3, 2023, Plaintiff reached out to Defendant Timothy Simpson via text message to ask about when he would be paid for work he performed.

54.     In response, Defendant Timothy Simpson stated, "[h]elp me finish 2 of these signs fast and I will pay you a nice big payment."

55.     In response, Plaintiff stated, "Tim, but by the time we finish, 2 weeks of salary will almost come together and it's more than that because it's overtime and the bonus, did you consider that?"

56.     In response, Defendant Timothy Simpson stated, "I am talking about knowing out 2 pan channel signs by Monday.  That won't be over that. And then I can give you 2k and you will start full time.  We figure out different.  Signs just sitting almost complete."

57.     In the same conversation, Plaintiff stated, "Tim if you only had our pay, what we worked for last week, I would change things, believe me do your best, remember that the laborer is worthy of his wages."

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-9-

58.     Plaintiff and Defendant Timothy Simpson had many similar text message communications regarding Plaintiff's unpaid wages until the day he was fired from the company.

59.     On that day, Defendant Timothy Simpson sent a text message to Plaintiff stating, "Ok Raul no problem I am don't know problem please meet me tomorrow with the key and when I get paid I will clear all your payments.  I'm not going to have you text me talking about my faith.  I have tried to help you I brought 600 dollars in materials for you and also have a bill I have to pay for your bends of like 1100."

60.     Indeed, when Plaintiff pressed Defendant Timothy Simpson to be paid, Timothy Simpson stated, "I got your letters bent that cost me 1800 for materials and bends so you actually owe me money on this."

61.     Defendants did not pay Plaintiff any additional wages despite those conversations.

62.     To date, Defendants still have paid no additional wages due and owing to Plaintiff.

63.     During Plaintiff's employment with Defendants, Plaintiff typically worked approximately 50 hours per week or more.

64.     But for the $950 in Zelle payments from Defendant Timothy Simpson, Defendants failed to compensate Plaintiff any wages whatsoever for the entire duration of his employment with Defendants.

65.     As a result of failing to pay Plaintiff any wages whatsoever for his entire employment but for the aforementioned $950, Defendants failed to compensate Plaintiff

-10-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

at least the statutory minimum wage for all hours worked throughout his approximately three-workweek employment.

66.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

67.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

68.     As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

69.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

70.     At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

71.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

72.     Plaintiff was not a manager in his work for Defendants.

73.     Plaintiff did not have supervisory authority over any employees in his work for Defendants.

74.     Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

75.     Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

76.     Plaintiff did not direct the work of two or more employees in his work for Defendants.

77.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

78.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

79.     At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

80.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

81.     Defendants' willful failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

82.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

83.     Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

84.     At all relevant times, Plaintiff was a non-exempt employee.

85.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

86.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

87.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

88.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

89.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

90.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

93.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

94.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

95.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

96.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

97.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

98.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Raul Aguirre, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.   For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

99.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.   As a result of failing to compensate Plaintiff any wages whatsoever for his entire approximately three-week employment with Defendants, but for the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   aforementioned $950 in payments, Defendants failed or refused to pay Plaintiff the

2   FLSA-mandated minimum wage.

3       101.   As a result of Defendants' failure to pay Plaintiff any wage whatsoever for

4   such time worked, Defendants failed and/or refused to pay Plaintiff the applicable

5   minimum wage for all hours worked for the duration of his employment, in violation of

6   29 U.S.C. § 206.

7

8       102.   Defendants' practice of failing or refusing to pay Plaintiff at the required

9   minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

10

11      103.   Plaintiff is therefore entitled to compensation for the full applicable

12  minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as

13  liquidated damages, together with interest, reasonable attorney's fees, and costs.

14      **WHEREFORE**, Plaintiff, Raul Aguirre, respectfully requests that this Court grant

15  the following relief in Plaintiff's favor, and against Defendants:

16

17      A.     For the Court to declare and find that the Defendants violated minimum

18             wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper

19             minimum wages;

20

21      B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be

22             determined at trial;

23      C.     For the Court to award compensatory damages, including liquidated

24             damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

25      D.     For the Court to award prejudgment and post-judgment interest;

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    As a result of failing to compensate Plaintiff any wages whatsoever for his entire approximately three-week employment with Defendants but for the aforementioned $950 in payments, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

106.    As a result of failing to compensate Plaintiff any wages whatsoever for his entire approximately three-week employment with Defendants but for the aforementioned $950 in payments, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of A.R.S. § 23-363.

107.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

108.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to

twice the underpaid wages as liquidated damages, together with interest, reasonable

attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Raul Aguirre, respectfully requests that this Court grant

the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendant violated minimum

wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper

minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be

determined at trial;

C.   For the Court to award compensatory damages, including liquidated

damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to A.R.S. § 23-364 and all other causes of action set forth

herein;

F.   Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT CUSTOM IMAGE PROS LLC ONLY**

109.   Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

110.   As a result of the allegations contained herein, Defendant Custom Image

Pros LLC did not compensate Plaintiff wages due and owing to him.

111.   Defendant Custom Image Pros LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

112.   As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Custom Image Pros LLC.

113.   Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Raul Aguirre, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Custom Image Pros LLC:

A.   For the Court to declare and find that the Defendant Custom Image Pros LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.   For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.   Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 23rd day of February 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

## <u>VERIFICATION</u>

1

Plaintiff, Raul Aguirre, declares under penalty of perjury that he has read the

2

3

foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4

asserted therein are true and based on his personal knowledge, except as to those matters

5

stated upon information and belief, and, as to those matters, he believes them to be true.

6

7

8

*Raul Aguirre*
Raul Aguirre (Feb 23, 2023 10:49 MST)

9

Raul Aguirre

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-21-