**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Aguirre, | No. CV-23-00334-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Custom Image Pros LLC, et al., | |
| Defendants. | |

Plaintiff Raul Aguirre ("Aguirre") moves for default judgment against Defendants Custom Image Pros LLC, Timothy Simpson, and Jane Doe Simpson (now known as Jamie L. Simpson) (collectively, the "Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 15.) For the following reasons, the Court grants the Motion for Entry of Default Judgment (the "Motion"), and shall award Aguirre $13,150 plus post-judgment interest at the applicable statutory rate against Defendant Custom Image Pros LLC, with $6,460 of that amount to be held jointly and severally against all Defendants.[1]

**I.   BACKGROUND**

As the Clerk of Court has entered default (Doc. 11), the Court takes the Complaint's factual allegations as true. *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). ("The general rule of law is that upon default the factual allegations of the

---

[1] Brigette Maggio, a rising second-year law student at the Antonin Scalia Law School at George Mason University, assisted in drafting this Order.

complaint, except those relating to the amount of damages, will be taken as true.").

The Complaint alleges claims of failure to pay overtime and failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), failure to pay minimum wages in violation of the Arizona Minimum Wage Act ("AMWA"), and failure to pay wages due and owing in violation of the Arizona Wage Act ("AWA"). (Doc. 1 ¶¶ 91-113.)

On or around late-January 2023, Aguirre began working for Defendants as a manual laborer. (*Id*. ¶ 33.) According to its website, Defendant Custom Image Pros LLC is an "all-inclusive image marketing, design, and production company located in Phoenix, AZ." (*Id*. ¶ 12.) Aguirre's primary duties included making luminous letters for signs, putting lights on letters, and assembling letters for signs for Defendants. (*Id*. ¶ 34.) Defendants agreed to pay Aguirre an hourly rate of $25. (*Id*. ¶ 35.) Aguirre was treated as an employee, as defined by the FLSA, 29 U.S.C. § 201 *et seq*. (*Id*. ¶ 39.) This was shown through: Defendants' controlling Aguirre's schedule, Defendants having the exclusive right to hire and fire Aguirre, Defendants' supervision over Aguirre's work and adherence to Defendants' rules when doing so, Defendants' decision not to pay Aguirre overtime, Aguirre's lack of opportunity for profit or loss in the business, Aguirre's lack of ability to refuse work assigned to him, and Aguirre's inability to work for other companies. (*Id*. ¶¶ 40-42.)

Aguirre was hired as a permanent employee, generally working in excess of 40 hours per week for approximately three workweeks. (*Id*. ¶ 42(f).) Aguirre was assigned the same hourly rate of pay, regardless of the number of hours worked in a workweek, and regardless of whether he worked in excess of 40 hours in a workweek. (*Id*. ¶ 37.) During his time working for Defendants, Aguirre worked approximately 50 hours per week. (*Id*. ¶ 45.) Defendants paid Aguirre three times, via Zelle.[2] (*Id*. ¶¶ 46-49.) Beyond the three payments totaling to that of $950, Defendants did not pay Aguirre any additional

---

[2] On or about January 27, 2023, Defendants paid Aguirre $100 via Zelle. (Doc. 1 ¶¶ 46-47.) On or about February 4, 2023, Defendants paid Aguirre $250 via Zelle. (*Id*. ¶ 48.) On or about February 11, 2023, Defendants paid Aguirre $600 via Zelle. (*Id*. ¶ 49.)

1  wages for the duration of his employment. (*Id*. ¶ 50.) Throughout his employment with
2  Defendants, Aguirre continually reached out to Defendant Timothy Simpson asking when
3  he would be paid in full for the work he performed. (*Id*. ¶ 51.) Defendant Timothy Simpson
4  continually responded acknowledging that he owed Aguirre the money sought and stated
5  that he would pay Aguirre after receipt of additional funds from various projects. (*Id*. ¶ 52.)
6  After Aguirre continued to inquire Defendant Timothy Simpson regarding nonpayment of
7  wages due and owing, Simpson terminated Aguirre's employment on or about February
8  17, 2023. (*Id*. ¶ 44.)

9  Aguirre filed this Complaint alleging FLSA, AMWA, and AWA claims. (*Id*. ¶¶ 91-
10 113.) Aguirre seeks monetary damages for the Workweeks 1-4 missing wages, federal and
11 state liquidated damages, as well as attorneys' fees and costs. (*Id*. ¶¶ 1, 5, 88-90, 98 (A) –
12 (E), 103 (A) – (E), 108 (A) – (E), 113 (A) – (D)); (Doc. 15 at 4-9, 12-14.) In total, excluding
13 attorneys' fees and costs and post-judgment augmentation, Aguirre is requesting $13,150
14 against Custom Image Pros LLC, and of that $13,150, against Defendants Custom Image
15 Pros LLC, Timothy Simpson, and Jamie L. Simpson in the amount of $6,460, jointly and
16 severally. (Doc. 15 at 14.) Aguirre further requests that the Court allow him to file a motion
17 for attorneys' fees and costs following the award of a default judgment. (*Id*.) Aguirre
18 requests that damages be augmented further by post-judgment interest pursuant to 28
19 U.S.C. § 1961. (*Id*.)

20 Despite being served with the Complaint and Summons (Docs. 7, 8, 9), Defendants
21 failed to file an answer, respond to the Complaint, or even file a notice of appearance.
22 Aguirre attempted to resolve this dispute outside of litigation by way of executing a
23 Settlement Agreement on April 4, 2023, but Defendants never paid Aguirre. (Doc. 15-2.)
24 Because Defendants failed to pay Aguirre by April 30, 2023, as agreed upon in the
25 Settlement Agreement, and have also failed to answer or otherwise respond to the
26 Complaint, Aguirre now moves for default judgment against Defendants.

27 **II.     LEGAL STANDARD**
28 Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must

enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, the court may enter a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entertainment Group v. Bryant*, 2004 WL 783123, at *2 (C.D. Cal. 2004). In determining damages, the Court may properly rely on declarations submitted by the Plaintiff. Fed. R. Civ. P. 55(b)(2).

### III.  JURISDICTION, VENUE, AND SERVICE

"When entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Aguirre asserts claims arising under the FLSA, the AMWA, and the AWA. (Doc. 1 ¶¶ 91-113.) This Court has subject matter jurisdiction over claims arising out of federal law, including the FLSA, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because Aguirre's state law claims, under both the AMWA and the AWA, are so related to his FLSA claim that the Court has supplemental jurisdiction over them. Venue and personal jurisdiction requirements are also satisfied because Custom Image Pros LLC "regularly conduct[s] business in and [has] engaged in the wrongful conduct . . . in . . . this judicial district." (*Id.* ¶ 9); 28 U.S.C. § 1391(b)(2).

Custom Image Pros LLC and its owners or managers, Timothy Simpson and Jamie L. Simpson, regularly conduct business, have offices, and maintain business agents in Arizona, and Aguirre is a resident of the state of Arizona. (*Id.* ¶¶ 10-11, 14.) Accordingly,

the Court has jurisdiction over the parties.

Timothy Simpson and Jamie L. Simpson were served with the Complaint and Summons on March 1, 2023. (Docs. 8, 9.) Timothy Simpson is a registered statutory agent for Custom Image Pros LLC and was served on its behalf on March 1, 2023. (Doc. 7.)

## IV. ANALYSIS

Once a default is entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Brooke v. Sai Ashish Inc.*, 2021 WL 4804220, at *5 (E.D. Cal. 2021) (explaining that default judgment "is a two-step process: an entry of default judgment must be preceded by an entry of default").

The following factors are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *New Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). As the party seeking default judgment, Aguirre "bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Ronald Norris v. Shenzhen IVPS Tech. Co.*, 2021 WL 4844116, at *2 (D. Ariz. Oct. 18, 2021). Aguirre also bears the burden of proving all damages. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

### A. The First, Fifth, Sixth, and Seventh *Eitel* Factors

In cases like this, in which the Defendants have not responded nor participated in any litigation, the "first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Industries Inc. v. Marker*, 2020 WL 1495210, at *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment because denying Aguirre's Motion will leave him "without other recourse for recovery." *PepsiCo, Inc. v. California Security Cans.*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Prejudice would exist if Aguirre's Motion were denied because he would lose the right to a "judicial resolution" of his claims. *See generally Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Aguirre has also tried to settle this matter without success due to the Defendants' lack of action and payment on their part. (Doc. 15 at 10; Doc. 15-2.) Due to Defendants' failure to pay Aguirre's minimum and overtime wages, or respond to Aguirre's Complaint, the only appropriate recourse Aguirre has is through litigation and this Motion.

Next, the fifth factor weighs in favor of default judgment because the well-pleaded factual allegations in the Complaint are taken as true, and there is no "genuine dispute of material facts" that would preclude granting the Motion. *PepsiCo*, 238 F.Supp.2d at 1177.

Similarly, because Defendants were properly served (Docs. 7-9) and it is unlikely that their failure to answer was due to excusable neglect, the sixth factor tips in favor of entering default judgment. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1071-1072 (D. Ariz. 2006).

The seventh factor—favoring decisions on the merits—generally weighs against default judgment; however, "Rule 55(b) 'indicates that this preference, standing alone, is not dispositive.'" *PepsiCo*, 238 F.Supp.2d at 1177. This factor alone is not sufficient to preclude the entry of default judgment in this case. *Warner Bros. Entertainment Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004) (explaining that the seventh *Eitel* factor "standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered" and Courts have concluded that "this factor does not weigh very heavily.") Defendants have been aware of the lawsuit since March 1, 2023, and have had ample time to answer or respond, but have chosen not to participate. This factor weighs neutral in granting default judgment.

### B. The Second and Third *Eitel* Factors

The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are "often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F.Supp.3d 948, 962 (N.D. Cal. 2019). Before turning to whether Aguirre has stated a claim on which he may recover, the Court must analyze Aguirre's employee status within the FLSA, the AMWA, and the AWA.

#### i. FLSA Claims

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. § 203(d). The Court finds Custom Image Pro LLC's classification of Aguirre to be that of an employee. (Doc. 1 ¶¶ 39-42, 79.) Custom Image Pros LLC had the authority to hire and fire employees, supervised and controlled work schedules and the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Aguirre's employment with Defendants. (*Id*. ¶ 13.) Custom Image Pro LLC also directed and exercised control over Aguirre's work and wages at all relevant times. (*Id*. ¶¶ 26, 87.) These allegations, taken as true, support that Custom Image Pro LLC was an employer of Aguirre.

Defendants Timothy Simpson and Jamie L. Simpson are also classified as employers pursuant to the FLSA. (*Id*. ¶ 15.) Defendant Custom Image Pros LLC is subject to liability under the FLSA and Defendants Timothy Simpson and Jamie L. Simpson are subject to individual liability under the FLSA because they acted in the interest of Defendants in relation to Custom Image Pros' employees. (*Id*.) As owners or managers of Custom Image Pros, Defendants Timothy Simpson and Jane Doe Simpson had the authority to hire and fire employees, supervise and control work schedules or the conditions of employment, determine the rate and method of payment, and maintain employment records in connection with Aguirre's employment with Defendants. (*Id*. ¶¶ 14-15.) The

Court finds that Custom Image Pro LLC is an employer and Aguirre was an employee of Custom Image Pro LLC under the FLSA.

### ii. AMWA Claims

The AMWA, like the FLSA, defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(A). It defines an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). As the AMWA shares the same definition of employee as the FLSA, the Court's reasoning as to Aguirre's employee status under the FLSA applies here as well. Custom Image Pro LLC is also an employer because it is an enterprise operating in Maricopa County, Arizona that controlled Aguirre's work and wages at all relevant times. (Doc. 1 ¶¶ 13, 31.) As a result, the Court finds that Custom Image Pro LLC is an employer and Aguirre was an employee of Custom Image Pro LLC under the AMWA.

### iii. AWA claims

Like the FLSA and the AMWA, the AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The AWA defines "employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). Additionally, Custom Image Pro LLC is also an employer because it is an enterprise operating in Arizona that controlled Aguirre's work and wages at all relevant times. (Doc. 1 ¶¶ 13, 31.) Aguirre claims that while working for Custom Image Pro LLC he resided in Arizona. (*Id.* ¶ 10.) For these reasons, Custom Image Pro LLC is an employer and Aguirre is an employee under the AWA. (*Id.* ¶¶ 20, 22, 24, 25.)

Thus, the Court finds that Aguirre has properly stated a claim on which he can recover, and the second and third *Eitel* factors weigh in favor of granting default judgment.

### C. The Fourth *Eitel* Factor

Under the fourth *Eitel* factor, "the [C]ourt must consider the amount of money at stake in relation to the seriousness of the Defendants' conduct." *See PepsiCo*, 238 F.Supp.2d at 1176 (C.D. Cal. 2002). Additionally, "[i]f the sum of money at stake is completely disproportionate or inappropriate, default is disfavored." *See Twentieth Century Fox Film Corporation*, 438 F.Supp.2d at 1071 (D. Ariz. 2006).

Here, Aguirre seeks the unpaid minimum and overtime wages he is owed under the FLSA, the AMWA, and the AWA along with liquidated damages. Aguirre is requesting $13,150 plus pre- and post-judgment interest pursuant to 28 U.S.C. § 1961, and to later request attorneys' fees and costs following the award of a default judgment. (Doc. 15 at 14.) Of this $13,150 total, Aguirre is requesting that Defendant Custom Image Pros LLC be liable for the entire amount, and all Defendants be jointly and severally liable for $6,460. (Doc. 15 at 13.) For the claims listed in the Complaint, the Court finds that the amount requested is reasonable and not disproportionate or inappropriate. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

### D. Damages

Having found that entry of default judgment is appropriate, the Court must next address "the 'amount and character' of relief to award." *HTS, Inc. v. Boley*, 954 F.Supp.2d 927, 947 (D. Ariz. 2013) (referencing 10A Wright, Miller, & Kane, 2688 at 63); *See also James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993) (district court has "wide latitude" in determining the amount of damages to award upon default judgment).

Aguirre requests $13,150 in damages against Defendant Custom Image Pros LLC, and of that $13,150, an amount of $6,460 against all Defendants, jointly and severally. (Doc. 15 at 14.)

The total compensatory damages of $13,150 Aguirre is seeking consists of: $6,460, which comprises of $5,460[3] in trebled unpaid minimum wage damages and $1,000 in liquidated unpaid overtime and $6,690 in unpaid non-minimum wage and non-overtime

---

[3] The $5,460 engulfs the $1,475 in unpaid federal minimum wages. (Doc. 15 at 12.)

damages for workweeks 1-4. (*See* Doc. 15-1, ¶¶ 8-18); *see also* 29 U.S.C. § 216(b); A.R.S. § 23-364. A.R.S. § 23-355.

Of this $13,150 total, Aguirre is requesting that Defendant Custom Image Pros LLC be liable for the entire amount, and all Defendants be jointly and severally liable for $6,460. (Doc. 15 at 13.) Additionally, Aguirre requests that the Court allow him to file a motion for attorneys' fees and costs should the Court grant default judgment. (Doc. 15 at 13-14.) Aguirre further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C. § 1961. (Doc. 15 at 14.)

Rule 54(c) requires that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Aguirre does not request damages "different in kind" or in excess of those requested in his Complaint and his Motion. (Doc. 1 ¶¶ 88-90, 98, 103, 108, 113.); (Doc. 15-1 ¶¶ 15-28.) Aguirre also provided sufficient notice of the potential award through his Complaint, enabling Defendants "to decide whether to respond to the complaint in the first instance." *Fisher Printing Inc. v. CRG LTD II LLC*, 2018 WL 603299, at *3 (D. Ariz. 2018).

The Court may enter a default judgment without a damages hearing when, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." *HTS, Inc.*, 954 F.Supp.2d at 947 (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)). In this action, the requested damages are capable of mathematical calculation because they are comprised of hours worked by Aguirre, the amount in pay he was entitled to receive, and statutory multipliers. *See Million v. Pindernation Holdings LLC*, 2023 WL 2813684, at *5 (D. Ariz. 2023.) The requested damages are also supported by Aguirre's Motion, his Declaration, and other attached exhibits. (Docs. 15, 15-1, 15-2); *see Doe v. United States*, 2018 WL 2431774, at *8 (D. Ariz. 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498)).

The Court finds that Aguirre has sufficiently established the requested damages. (Docs. 15, 15-1, 15-2.) Therefore, the Court will enter default judgment in the amount of

$13,150 against Defendant Custom Image Pros LLC plus post-judgment interest, with $6,460 of that amount being held jointly and severally against all Defendants. Additionally, post-judgment interest will be added to this award. Should Aguirre seek attorneys' fees and costs, he shall file his fee application with the Court.[4]

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** granting the Motion for Entry of Default Judgment (Doc. 15.)

**IT IS FURTHER ORDERED** awarding Raul Aguirre $13,150 plus post-judgment interest at the applicable statutory rate against Defendant Custom Image Pros LLC, with $6,460 of that amount to be held jointly and severally against all Defendants, Custom Image Pros LLC, Timothy Simpson, and Jamie L. Simpson.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this action and to enter judgment accordingly.

Dated this 26th day of June, 2023.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

---

[4] Following this award of default judgment, the Court will allow Plaintiff to move for reasonable attorneys' fees pursuant to Local Rule of Civil Procedure 54.2.