**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Aguirre,<br><br>            Plaintiff,<br><br>v.<br><br>Custom Image Pros LLC, et al.,<br><br>            Defendants. | No. CV-23-00334-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Raul Aguirre's Motion for Award of Attorneys' Fees and Costs pursuant to LRCiv 54(b)(2). (Doc. 19.) Defendants Custom Image Pros LLC, Timothy Simpson, and Jane Doe Simpson (now known as Jamie L. Simpson) (collectively, the "Defendants") failed to respond. For the following reasons, the Court will grant the Motion.

**I.      Background**

The Court previously set forth the factual background of this case. (*See* Doc. 16.) As relevant here, Plaintiff worked for Defendants as a manual laborer from approximately late-January 2023 through February 2023. (Doc. 1 at 6–8.) On February 23, 2023, Plaintiff filed a Complaint with this Court, seeking relief for unpaid wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act, and the Arizona Wage Act. (*Id.* at 1–2.) Defendants were timely served on March 1, 2023. (Docs. 7–9.) Defendants failed to answer or otherwise respond by the March 22, 2023 deadline, and the Clerk of the Court entered default against Defendants on March 30, 2023. (Doc.

11.) Plaintiff then moved for default judgment (doc. 15), which this Court granted on June 28, 2023. (Doc. 16.) Subsequently, Plaintiff filed the pending Motion for Award of Attorneys' Fees, requesting a total of $11,764.30. (Doc. 19 at 6.) This request includes $9,203.50 for Plaintiff's attorney Clifford P. Bendau's ("Counsel") billed hours, as well as $560.80 for out-of-pocket costs, and $2,000 for costs anticipated in efforts to collect the judgment. (*Id.*)

**II.     Legal Standard**

The FLSA requires that the Court award the prevailing party reasonable attorneys' fees. 29 U.S.C. § 216(b). Before the Court awards attorneys' fees, however, it must determine the prevailing party and whether the requested attorneys' fees are reasonable. LRCiv 54.2(c); *McGlothlin v. ASI Cap. Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) (finding that a "party seeking an award of attorney's fees must show it is eligible and entitled to an award[,] that the amount sought is reasonable" and that "[t]o be entitled to an award, Plaintiff must have prevailed").

"District courts must calculate awards for attorneys' fees using the lodestar method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). While in most cases the lodestar is "presumptively reasonable," the Court may adjust the lodestar amount to account for the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the

"undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*; see also LRCiv. 54.2(c)(3).

### III. Discussion

#### A. Eligibility for and Entitlement to Attorneys' Fees

For purposes of the FLSA, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying the *Hensley* standard to an analysis of whether the plaintiff is the prevailing party in an FLSA case). Courts in this district have held that where the filing of an action causes a defendant to pay unpaid wages, the plaintiff becomes the prevailing party and is thus entitled to fees. *Orozco v. Borenstein*, No. CV-11-02305-PHX-FJM, 2013 WL 4543836, at *2 (D. Ariz. Aug. 18, 2013). Here, Plaintiff is a prevailing party because of this Court's default judgment order granting Plaintiff the wages sought. (Doc. 16.) For this reason, the Court finds that Plaintiff is eligible and entitled to receive reasonable attorneys' fees. *See* 29 U.S.C. § 216(b).

#### B. Reasonableness of Requested Attorneys' Fees

##### 1. Time and Labor Required

Plaintiff requests an award of $11,764.30. (Doc. 19 at 6.) This includes $9,203.50 for 23.3 hours billed by Plaintiff's counsel, $560.80 in out-of-pocket costs, and $2,000 for anticipated costs to be incurred in collecting on the judgment. (*Id.*) The Court must apply the loadstar approach to determine whether this request is reasonable. *Coe*, 2022 WL 508841, at *1. To calculate the loadstar amount, the Court considers whether the requesting party expended a reasonable number of hours and if the requesting party billed those hours at a reasonable rate. *Id.* "The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary v. Carbo Cycle Ariz. LLC*, 398 F. Supp.

- 3 -

3d 468, 485 (D. Ariz. 2019) (quoting *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006)). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

In this case, Counsel charged an hourly rate of $395.00. (Doc. 19 at 6.) The Court finds that an hourly fee in the range of $300 to $400 to be reasonable in the Phoenix legal market. *See, e.g.*, *Coe*, 2022 WL 508841, at *1 (awarding attorneys' fees at a rate of $378.75 per hour); *Mayweathers v. Iconic Results LLC*, No. CV-20-01216-PHX-DJH, 2020 WL 8181700, at *3 (D. Ariz. Nov. 10, 2020) (awarding attorneys' fees at a rate of $378.75 per hour, even though the case was "easy"); *Gualotuna v. Estrella Gymnastics LLC*, No. CV-16-00597-PHX-DLR, 2016 WL 8669298, at *2 (D. Ariz. Oct. 28, 2016) (awarding attorneys' fees for a twenty-year attorney and a three-year attorney at rates of $475 and $375 per hour respectively). The Court finds that Plaintiff has met his initial burden of demonstrating the reasonableness of Counsel's hourly rates.

Next, the Court must consider whether Counsel expended a reasonable number of hours. *Coe*, 2022 WL 508841, at *1. The Court excludes attorneys' fees for clerical and administrative tasks. *See Gary*, 398 F. Supp. 3d at 487; *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) (explaining that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them"); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [ ] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons").

Counsel asserts this case required 23.3 hours of his time. (Doc. 19 at 7.) Upon review of Counsel's time sheet, the Court finds Counsel billed for clerical and administrative tasks and will reduce Counsel's time for the following hours:

> 0.1 hours of the 0.3 billed on February 23, 2023, for "[f]inalize, file complaint."
>
> 0.2 hours on February 24, 2023, for "[s]end documents to process server."
>
> 0.2 hours on February 24, 2023, for "[c]ommunicate with process server re service and Defendants."

> 0.1 hours on March 2, 2023, for "[f]ile Service Executed."
>
> 0.1 hours on March 29, 2023, for "[f]ile application for entry of default."
>
> 0.1 hours of the 0.2 hours billed on May 2, 2023, for "[d]raft, file status report."
>
> 0.1 hours of the 0.5 hours billed on May 23, 2023, for "[f]inalize, file motion for default judgment."
>
> 0.1 hours on June 29, 2023, for "[f]inalize, file motion for attorneys' fees."

(Doc.19-8, at 2–4.) This Court has previously recognized these tasks to be administrative in nature. *See, e.g., Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 4448457 at *2–3 (D. Ariz. Sept. 23, 2022) (reducing fees for clerical tasks such as filing court documents and sending documents to process servers); *Jimenez v. Terrific Tree Trimmer, LLC*, No. CV-22-01787-PHX-SPL, 2023 WL 4452077 at *2 (D. Ariz. July 11, 2023) (reducing fees for clerical tasks such as communicating with process server and sending documents to process server). Accordingly, the Court deducts 1 hour for these entries and determines that 22.3 hours reflects the reasonable amount of time spent on this matter. The revised total amount of Counsel's fees is $8,808.50 (reflecting 22.3 hours billed at $395.00 an hour).

### 2. Novelty and Difficulty

The Court finds this case did not present any novel or difficult issues. *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (determining that an Arizona minimum wage and overtime claim did not present any novel or difficult issues).

### 3. Requisite Skill

The Court finds it takes a "moderate amount of skill to litigate FLSA cases." *Id.* Plaintiff's attorney avers the legal issues raised by this FLSA action were "sophisticated and required extensive knowledge of the law," but also admits that the action had a "straightforward nature." (Doc. 19 at 8.) On balance, this constitutes a moderate amount of skill.

### 4. Preclusion of Other Employment

Counsel admits that he was "not significantly precluded" from other employment because of this representation. (*Id.* at 8.)

### 5. Customary Fee

Counsel asserts that his hourly rate of $395.00 is reasonable. (*See id.* at 4–5.) The Court agrees. *See, e.g.*, *Coe*, 2022 WL 508841, at *1 (awarding attorneys' fees at a rate of $378.75 per hour); *Mayweathers*, 2020 WL 8181700, at *3 (awarding attorneys' fees at a rate of $378.75 per hour, even though the case was "easy"); *Gualotuna*, 2016 WL 8669298, at *2 (awarding attorneys' fees for a twenty-year attorney and a three-year attorney at rates of $475 and $375 per hour respectively).

### 6. Experience, Reputation and Ability of the Attorneys

According to Counsel, his practice area remains exclusively within employment wage litigation, primarily under the FLSA. (Doc. 19 at 11.) He has practiced law since 2012 and litigated more than 400 lawsuits on behalf of employees in various jurisdictions. (*Id.*) Counsel asserts that he has also been lead counsel "on approximately 50 FLSA collective action matters." (*Id.*)

### 7. Fixed or Contingent Fee

Counsel worked on a contingency basis, requiring forty percent of the total recovery. (*Id.* at 9–10, Doc. 19-1 at 2.)

### 8. Time Limitations

Nothing indicates Plaintiff imposed time limitations on this matter. *See Pozez v. Ethanol Cap. Mgmt., LLC*, No. CV-07-00319-TUC-CKJ, 2013 WL 12095669, at *4 (D. Ariz. July 15, 2013) (granting plaintiff's attorneys' fees even where there were no time limitations imposed).

### 9. Amount Involved and Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . ." *Hensley*, 461 U.S. at 435–36. Here, Plaintiff received $13,150 for all his estimated unpaid wages. (Doc. 16 at 1.) The Court therefore finds

Plaintiff obtained excellent results.

### 10. The Case's Undesirability

Counsel does not label this case as particularly undesirable but notes the inherent risk involved with contingency fee cases, namely "[t]he low damages, the speculative amount of available fees, the opportunity cost of taking on a matter that did not result in payment, and the possibility of expending costs . . . that would have been lost in the event of non-recovery." (Doc. 19 at 12.)

### 11. Nature and Length of Relationship with the Client

Before the case at hand, Counsel had not represented Plaintiff. (*Id.* at 12.) This case has been present on the Court's docket since February 2023. (*See* Doc. 1.)

### 12. Awards in Similar Cases

Plaintiff contends that the requested fees "are based on the lodestar method and are consistent with Ninth Circuit authority and with fees awarded and decided in similar cases in this jurisdiction." (Doc. 19 at 12.) Additionally, Plaintiff referred this Court to a variety of cases for awards in actions of a similar nature in Arizona. (Doc. 19-3; Doc. 19-4; Doc. 19-5; Doc. 19-6.)

## C. Other Matters

Lastly, Plaintiff requests $2,000 for anticipated costs of collection efforts for the default judgment and the award of attorneys' fees. (Doc. 19 at 13–14.) Plaintiff asserts that this amount is reasonable because both Plaintiff and Counsel will likely incur additional costs collecting their awards. (*Id.* at 14.) Plaintiff cites cases where this Court found $2,000 to be a reasonable estimate of the costs involved in the collection of a judgment and attorneys' fees from defaulted defendants under similar circumstances. (*Id.*) The Court also finds the requested amount reasonable. *See, e.g.*, *Vazquez v. Johnson*, No. CV-22-01720-PHX-MTL, 2023 WL 4205126 at *4 (D. Ariz. June 27, 2023) (finding $2,000 in anticipated collection costs reasonable); *Million v. Pindernation Holdings LLC*, No. CV-23-00072-PHX-MTL, 2023 WL 3585237 at *1 (D. Ariz. May 22, 2023) (finding $2,000 in anticipated collection costs reasonable).

**IV.  Conclusion**

On balance of the *Kerr* factors, the Court finds that Plaintiff's request is reasonable, absent the 1-hour deduction for clerical tasks. Therefore, the Court awards Plaintiff attorneys' fees of $8,808.50, out-of-pocket costs in the amount of $560.80, and additional costs of $2,000 in anticipated efforts to collect the judgment.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Award of Attorneys' Fees and Costs (doc. 19) as follows: Plaintiff is awarded $8,808.50 in attorneys' fees, $560.80 in out-of-pocket costs, and an additional $2,000 for reasonably anticipated collection fees and expenses. The total award is $11,369.30.

**IT IS FURTHER ORDERED** that Defendants Custom Image Pros LLC, Timothy Simpson, and Jamie L. Simpson are jointly and severally liable for the full $11,369.30, plus interest accruing at the statutory rate, from the date of this Order.

Dated this 11th day of September, 2023.

Michael T. Liburdi
United States District Judge